**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES R. BIGELOW and JANET SUZANNE MILLER a.k.a. JANET M. CARTIER a.k.a JANET BIGELOW, husband and wife, CHARLES R. BIGELOW, as Trustee of the Ariana Trust, JANET SUZANNE MILLER, as Trustee of the Arian Trust, MICHAEL L. CAMPBELL and SHAWN M. CAMPBELL, husband and wife, DOES 1 THROUGH X,<br><br>    Defendants.<br><br>CHARLES R. BIGELOW and JANET SUZANNE MILLER, husband and wife, CHARLES R. BIGELOW, as Trustee of the Ariana Trust, JANET SUZANNE MILLER, as Trustee of the Ariana Trust, MICHAEL L. CAMPBELL and SHAWN M. CAMPBELL, husband and wife,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>CITY OF FLAGSTAFF, a municipal corporation,<br><br>    Third-Party Defendant. | No. CV 09-08108-PCT-MHM<br><br>**ORDER** |

Currently pending before the Court is Third-Party Defendant City of Flagstaff's ("the City") motion to dismiss amended third-party complaint. (Doc. 46). After reviewing the pleadings, and determining oral argument unnecessary, the Court issues the following Order.

**I.    BACKGROUND**

On June 23, 2009, American Contractors Indemnity Company ("ACIC") commenced this action against Charles R. Bigelow and Janet Suzanne Miller a.k.a. Janet M. Cartier a.k.a. Janet Bigelow, Charles R. Bigelow, as Trustee of the Ariana Trust, Janet Suzanne Miller, as Trustee of the Ariana Trust, and Michael L. Campbell and Shawn M. Campbell. (Doc. 1). Charles Bigelow, Michael Campbell, and Shawn Campbell are members of Premiere Acquisitions, L.L.C., an Arizona limited liability company ("Premiere"). (Doc. 36). Michael Campbell and Shawn Campbell are also members of Luxury Lofts, L.L.C., an Arizona limited liability company ("Luxury Lofts"). (Doc. 36). Charles Bigelow and Janet Suzanne Miller are Trustees of the Ariana Trust. Premiere and Luxury Lofts owned approximately ninety-one acres of undeveloped land located in Flagstaff. (Doc. 36). In September 2004, the City entered in a Development Agreement with Premiere and Luxury Lofts to develop the property into a master planned community called Presidio in the Pines. (Doc. 36). Premiere was required to provide the City with assurances for construction of certain infrastructure. (Id.) On October 11, 2006, the Bigelows, the Campbells, and Ariana Trust individually and collectively executed and delivered to ACIC a General Indemnity Agreement ("GIA") promising, among other things, to indemnify ACIC for all loss, costs, expenses, and attorneys' fees in connection with any bonds for which ACIC issued at their request on behalf of Premiere as Principal. (Doc. 1). On October 18, 2006, ACIC issued four performance bonds in the penal sum of $6,599,337. (Doc. 1). Each bond named Premiere as Principal, ACIC as Surety, and the City as Obligee. (Doc. 1). In October 2005, construction of the Presidio in the Pines Project began. (Doc. 36). The City authorized four partial releases relating to the project between November 30, 2005 and July 31, 2006. (Doc. 36). On June 29, 2007, the City acknowledged that other improvements at Presidio in the Pines "have been partially completed to the satisfaction of the City of Flagstaff," and

1  *authorized* a partial release of funds in the amount of $2,923,639.50.  (Doc. 36) (emphasis added).  On August 27, 2007, however, the City determined that "[I]mprovements have been partially completed to the satisfaction of the City of Flagstaff, and the City hereby gives notice that it is *not authorizing* a partial release of funds posted for assurance in the amount of $2,923,639.50 . . . It is not the City's policy per City Ordinance 1925 to release funds on performance bonds.  The current balance held in American Contractors Indemnity Company shall remain the same."  (Doc. 36) (emphasis added).

On or about June 2, 2008, Premiere filed a voluntary Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court for the District of Arizona.  (Doc. 1).  ACIC was drawn into the Bankruptcy by Premiere and was required to enter into a Bankruptcy-approved agreement by which ACIC was obligated to pay for infrastructure improvements for the Project.  (Doc. 1).  In January 2009, ACIC made written demands upon the Third-Party Plaintiffs, pursuant to their indemnity agreement, to indemnify ACIC, by reason of ACIC having issued the bonds at their insistence on behalf of Premiere for the Project.  (Doc. 25).  Third-Party Plaintiffs allegedly have not indemnified ACIC.  (Doc. 1).  Accordingly, ACIC filed this action on June 23, 2009, against Third-Party Plaintiffs under counts of (1) reimbursement; (2) exoneration; (3) breach of the general indemnity agreement; (4) specific performance and *quia timet*.[1]  (Doc. 1).

On March 2, 2010, Third-Party Plaintiffs filed an Amended Third-Party Complaint against the City ("Amended Complaint").  (Doc. 36).  In their Amended Complaint, Third-Party Plaintiffs included the counts against the City of (1) failure to comply with city ordinance; (2) equitable estoppel; and (3) indemnity.  (Doc. 36).  Third-Party Plaintiffs seek damages or indemnity from the City for any liability Third-Party Plaintiffs may have to ACIC.  (Doc. 36).  On March 19, 2010, the City filed a motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), 14 and 17.  (Doc.

---

[1] *Quia timet* is a legal doctrine that allows a person to seek equitable relief from future probable harm to a specific right or interest.

46).  The City simultaneously filed a reply memorandum in support of the motion to dismiss third-party complaint and supplemental amended third-party complaint.  (Doc. 45).

## II.    DISCUSSION

In the instant action, Third-Party Plaintiffs seek to implead the City under Rule 14. Third-Party Plaintiffs contend that, by refusing to release the bonds in August 2007 and unreasonably exposing Third-Party Plaintiffs to liability to ACIC, the City acted wrongfully, giving rise to a claim for indemnity against the City.  (Doc. 36).  Third-Party Plaintiffs note that in their Amended Complaint that they are only seeking indemnity-type damages against the City.  (Doc. 37, p. 11).  The City on the other hand contends that Third-Party Plaintiffs' Amended Complaint fails under Rule 14 because no indemnity obligation exists between Third-Party Plaintiffs and the City.  The City alleges that there is no indemnity contract of any kind between Third-Party Plaintiff and the City and that the Amended Complaint fails to state a claim for common law indemnity.  (Doc. 45).

Rule 14(a) of the Federal Rule of Civil Procedure allows a defending party, as third-party plaintiff, to bring in as a third-party defendant "a nonparty who is or who may be liable to it for all or part of the claim against it."  Thus, a third-party claim may be asserted only where a third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim and is secondary or derivative thereto.  Stewart v. American International Oil & Gas Co., 845 F.2d 196, 199 (9th Cir. 1988).  A third-party claim cannot simply be an independent or related claim but must be based upon plaintiff's claim against defendant.  Id. at 200.  As the crucial characteristic of a Rule 14(a) claim is that the third-party plaintiff is attempting to transfer to the third-party defendant the liability asserted by the original plaintiff; the mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.  Id. at 200 (citing 6 Fed. Prac. & Proc. § 1446 at 257 (1971 ed.).  See also, 3 J. Moore, Federal Practice, paragraphs 14.04-14.15).  "A proper third-party claim is typically one that involves one joint tortfeasor impleading another, an indemnitee impleading an indemnitor, or a secondarily liable party impleading one who is primarily liable."  Gandy v. Shaklan-Brown, 2008 WL 4446708, at

*2 (D. Ariz. 2008). Several United States Circuit Courts of Appeal, including the Ninth Circuit have held that Rule 14(a) permits a defendant to pursue contribution and indemnity claims even though the defendant's claim is purely inchoate--i.e., has not yet accrued under the governing substantive law--so long as the third-party defendant may become liable for all or part of the plaintiff's judgment. Andrulonis v. United States, 26 F.3d 1224, 1233 (2d Cir. 1994); Green v. U.S. Dep't of Labor, 775 F.2d 964, 971 n.7 (8th Cir. 1985); Williams v. Ford Motor Credit Co., 627 F.2d 158, 160 (8th Cir. 1980); St. Paul Fire & Marine Ins Co v. U.S. Lines Co., 258 F.2d 374, 376 (2d Cir. 1958); Mid-States Ins. Co. v. American Fid. & Cas. Co., 234 F.2d 721, 731-32 (9th Cir. 1956); Glens Falls Indem. Co. v. Atlantic Bldg. Corp., 199 F.2d 60, 63 (4th Cir. 1952).

Arizona recognizes both contractual and common law indemnity claims. Contractual indemnity is "where an express provision in a contract defines the obligation[.]" General Motors Corp. v. Maritz, Inc., 2009 U.S. Dist. LEXIS 3840, at *2 (D. Ariz. May 6, 2009). For a common law indemnity action, the indemnity plaintiff must show that (1) it has discharged a legal obligation owed to a third party; (2) the indemnity defendant was also liable to the third party; and (3) as between itself and the defendant, the obligation should have been discharged by the defendant. MT Builders, LLC v. Fisher Roofing, Inc., 219 Ariz. 297, 197 P.3d 758 (App. 2008).

Here, the Court finds that the Amended Complaint fails to satisfy the pleading requirements of Rule 14(a). Third-Party Plaintiffs have failed to show the requisite derivative or secondary liability on the part of the City as required under Rule 14(a). Third-Party Plaintiffs have not demonstrated that a derivative or secondary relationship exists between Third-Party Plaintiffs and the City under which the City would legally assume responsibility for the actions of Third-Party Plaintiffs. In addition, Third-Party Plaintiffs' claim against the City is related to, but crucially not derivative of, ACIC's original claim. Third-Party Plaintiffs claim for indemnity against the City is associated with an independent claim against the City for its failure to partially release the performance bonds in August 2007. On the other hand, the original complaint by ACIC against Third-Party Plaintiffs seeks

indemnity from Third-Party Plaintiffs for failure to indemnify ACIC under a general indemnity agreement signed by Third-Party Plaintiffs and ACIC in October 2006. As such, Third-Party Plaintiffs Amended Complaint is disparate and independent from ACIC's original complaint.

Third-Party Plaintiffs also fail to allege a viable theory under which the City could be liable to indemnify Third-Party Plaintiffs for Third-Party Plaintiff's indemnity obligation to ACIC. No indemnity contract exists between Third-Party Plaintiffs and the City, thus common law indemnity principles apply. Yet, Third-Party Plaintiffs fail to establish under prong two of common law indemnity that the City is also liable to the third party, ACIC. The City is not a party to the general indemnity agreement between ACIC and Third-Party Plaintiffs and therefore cannot be liable to ACIC nor Third Party Plaintiffs under that agreement. Under the third prong of common law indemnity, Third-Party Plaintiffs fail to establish that as between itself and the City, the legal obligation to indemnify ACIC should have been discharged by the City, and not by Third-Party Plaintiffs. Third-Party Plaintiffs undertook the legal obligation to indemnify ACIC through a General Indemnity Agreement which ACIC signed in October 2006. Third-Party Plaintiffs do not demonstrate another means by which the legal obligation to indemnify ACIC should be discharged by the City rather than Third-Party Plaintiffs. Thus, the Amended Complaint fails to state a claim for indemnity. As such, the Court finds that Third-Party Plaintiffs' Amended Complaint fails to meet Rule 14's pleading requirements and must be dismissed. As the Court finds the Third-Party Plaintiffs' Amended Complaint must be dismissed under Rule 14, the Court does not address the City's motion to dismiss arguments under Rules 7 and 12(b)(6).

/ / /

**Accordingly,**

**IT IS HEREBY ORDERED** granting the City's motion to dismiss the amended third-party complaint. (Doc. 46).

**IT IS FURTHER ORDERED** dismissing City of Flagstaff from this action.

DATED this 28th day of July, 2010.

_____
Mary H. Murguia
United States District Judge